O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC484387

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD M. ROSS; LEONARD M. ROSS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT M. YASPAN, LAW OFFICES OF ROBERT M. YASPAN, <br><br> Defendants. | Case No. CV 12-07048 DDP (FFMx) <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> [Dkt. No. 44] |

Presently before the court is Plaintiff Leonard Ross's Motion to Remand Action to State Court.  Having considered the parties' submissions and heard oral argument, the court adopts the following order.

**I. BACKGROUND**

On September 15 , 2010, Plaintiff Ross retained Defendants as his counsel for Chapter 11 proceedings in bankruptcy court.  (FAC ¶ 12.)  On May 10, 2011, a Chapter 11 Trustee ("Trustee") was appointed by order of the bankruptcy court to manage Ross's estate after Defendants were terminated as attorneys.  (See Plaintiff's RJN ("RJN"), Exh. 2, Bkr Doc. No. 331.)

1  On March 19, 2012, seeking a court order, the Trustee filed a
2 motion to abandon the Malpractice Claims and Action to Plaintiff
3 under 11 U.S.C. § 554, after determining that the cost and time to
4 pursue them would not result in a worthwhile recovery for the
5 estate.  (RJN, Exh. 3, Bkr Dkt. Nos. 492-493.)  Defendants opposed
6 abandonment.  (RJN, Exh. 4, Bkr Dkt. No. 530, Defendants' Opp.)
7  On May 9, 2012, Plaintiff commenced this Action against
8 Defendants in the Los Angeles Superior Court and later filed the
9 First Amended Complaint on July 9, 2012.  (See RJN, Exh. 8,
10 Conformed copy of Action; see also this court's Dkt. No. 1; RJN,
11 Exh. 9, State Court Docket.)  On May 10, 2012 , the bankruptcy
12 court ordered that the Malpractice Claims be formally abandoned to
13 the Plaintiff and indicated that the Plaintiff was free to pursue
14 his claims outside the bankruptcy court's jurisdiction.  (See RJN,
15 Exh. 7.)
16  On August 23, 2012, Plaintiff's Chapter 11 plan of
17 reorganization (the "Plan") was approved and on September 12, 2012,
18 the Confirmation Order approved the Plan, thereby vesting all
19 property in Plaintiff so that he "may operate his business and use,
20 acquire and dispose of property without supervision by the
21 Bankruptcy Court free of any restrictions of the Bankruptcy Code or
22 Bankruptcy Rules."  (RJN, Exh. 10, Bkr Dkt. No. 680, p. 17 ¶ 5.)
23 On March 7, 2013, the bankruptcy court granted Plaintiff's motion
24 for a Final Decree and closed the bankruptcy case.  (RJN, Exh. 16,
25 Bkr Dkt. No. 835.)
26  On August 15, 2012, Defendants filed a Notice of Removal,
27 citing Federal Question Jurisdiction/Bankruptcy Jurisdiction and
28 Diversity Jurisdiction.  (RJN, Exh. 12; Dkt. No. 1.)  However, all

parties are California domiciliaries, so complete diversity does not exist.

In this Motion, Plaintiff argues that the action should be remanded because the court lacks jurisdiction or, in the alternative, because the court should abstain from exercising jurisdiction.

**II. LEGAL STANDARD & DISCUSSION**

    **A. Jurisdiction**

28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." In re Harris, 590 F.3d 730, 737 (9th Cir. 2009)(internal citation omitted). Here, Plaintiff has brought claims for negligence (professional legal malpractice), breach of fiduciary duty, intentional misrepresentation, negligent misrepresentation, and breach of contract against Defendant. (Plaintiffs' RJN, Exh. 8.) Defendant argues that there is federal question jurisdiction over this action, which the court interprets as a claim that the action "arises under" federal law, and, separately, that the case "arises in" bankruptcy law.

        **1. "Arising Under" Jurisdiction**

A case can arise under federal law either when "federal law creates the cause of action asserted" or when state law provides the cause of action but "the federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

3

resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S.Ct. 1059, 1064-65 (2013), citing Grable & Sons Metal Products, Inc. v. Daure Engineering & Mfg., 545 U.S. 308, 314 (2005). The Supreme Court recently held that "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of" 28 U.S.C. § 1338(a), the statute that gives exclusive federal jurisdiction over patent matters to federal courts. Gunn v. Minton, 133 S.Ct. at 1065. Although the legal malpractice claim requires resolution of a federal patent question insofar as the plaintiff "must show that he would have prevailed in his federal patent infringement case if only petitioners had timely made an experimental-use argument on his behalf," the federal issue "is not substantial in the relevant sense" because the question concerning patent law is hypothetical, and "[n]o matter how the state courts resolve that hypothetical 'case within a case,' it will not change the real-world result of the prior federal patent litigation." Id. at 1065-67.

    The court finds it appropriate to apply the same reasoning to this case.[1] Although the legal malpractice case, brought under

---

[1] Defendant analogizes this case to Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., 504 F.3d 1262, 1273 (Fed. Cir. 2007), in which the Federal Circuit found federal question jurisdiction in a state law malpractice action. "Because proof of patent infringement is necessary to show AMT would have prevailed in the prior litigation, patent infringement is a 'necessary element' of AMT's malpractice claim and therefore apparently presents a substantial question of patent law conferring § 1338 jurisdiction." Id. at 1269. However, the Supreme Court's holding in Gunn v. Minton directly contradicts this holding. Thus, while the court considers the analogy between the two contexts, it rejects Defendant's conclusion.

4

California law, will involve consideration of federal bankruptcy law in determining whether the standard of care was met, the resolution of the legal malpractice issue will not change the outcome of the bankruptcy case, particularly since the trustee abandoned the claim and the case is closed. Thus, the federal issue "is not substantial in the relevant sense," <u>id.</u> at 1066, <u>Grable</u>'s requirements are not met, and the court does not have federal question jurisdiction.

### 2. "Arising In" Jurisdiction

Defendant argues that the legal malpractice claims arise in Title 11 and that this court therefore has jurisdiction. "A civil proceeding 'arises in' a Title 11 case when it is not created or determined by the bankruptcy code, but where it would have no existence outside of a bankruptcy case. A state law contract claim could exist independent of a bankruptcy case, but an action against a bankruptcy trustee for the trustee's administration of the bankruptcy estate could not." <u>In re Harris</u>, 590 F.3d at 737 (internal citation and quotation marks omitted). The Ninth Circuit held that an action against a bankruptcy estate trustee for alleged embezzlement and breach of fiduciary duties did "arise in" Title 11.

> Because this case evokes the Bankruptcy Act's imposition of duties on trustees to administer estate property and a surety's liability on its bond for the benefit of the estate, it cannot be gainsaid that it involves a core issue. It is also particularly germane to the bankruptcy proceeding context, for it involves the very bankruptcy process itself. Nothing could be more important to the handling of a bankruptcy estate than the fidelity of those who are entrusted with its assets.

<u>In re Ferrante</u>, 51 F.3d 1473, 1476 (9th Cir. 1995) (internal citations omitted).

At least one district court in this Circuit has held that this reasoning applies not only to embezzling trustees but to bankruptcy attorneys with legal malpractice claims against them. "The fidelity of bankruptcy counsel cannot be any less important." Meyer v. Young Conaway Stargatt & Taylor LLP, 2011 WL 1317282 *2 (March 31, 2011). Other Circuits have so found. See, e.g. Grausz v. Englander, 321 F.3d 467, 471-72 (4th Cir. 2003)(internal citations and quotation marks omitted)("'[A]rising in' jurisdiction surely means that jurisdiction exists over a malpractice claim against a lawyer for providing negligent advice to a debtor in a bankruptcy case. . . . [T]he claim arises in the bankruptcy case, regardless of whether it belongs to him or the estate. . . . This malpractice claim wold have no practical existence but for the bankruptcy case."); Baker v. Simpson, 613 F.3d 346, 349 (2d Cir. 2010)(internal quotation marks, citations, and alterations omitted)(affirming district court holding that "the alleged malpractice implicates the integrity of the entire bankruptcy process and as such, appellants claims 'arise in' the Title 11 case."); and Capitol Hill Group v. Pillsbury, Winthrop, Shaw, 569 F.3d 485, 489 (D.C. Cir. 2009)("In sum, we agree with our sister circuits that malpractice claims against court-appointed professionals stemming from services provided in the bankruptcy proceeding are inseparable from the bankruptcy context and constitute a proceeding 'arising in' the bankruptcy. Such claims therefore fall within the bankruptcy jurisdiction of the federal courts.").

The court is not convinced that this legal malpractice proceeding arises in Title 11 as understood in the Ninth Circuit.

6

In the first place, a legal malpractice claim is distinguishable from a claim of embezzlement as in In re Ferrante, 51 F.3d 1473, particularly when the malpractice claim was previously abandoned by the Trustee in a now closed bankruptcy case.  Additionally, the court is skeptical that this legal malpractice claim "arises in" Title 11 in the sense in which "arises in" is understood by the Ninth Circuit, which associates it with the administration of the bankruptcy estate.

> The meaning of "arising in" proceedings is less clear [than the meaning of "arising under"], but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy. . . . If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but ... it is an 'otherwise related' or non-core proceeding.

In re Eastport Associates, 935 F.2d 1071, 1076 (9th Cir. 1991)(internal quotation marks and citations omitted).  While the legal malpractice claim would not exist without the bankruptcy case insofar as the malpractice claim concerns the attorney's handling of the bankruptcy case, the malpractice claim is a pure state law claim; it is not an "administrative" matter peculiar to the bankruptcy context involving, for instance, a court-appointed trustee.  The attorney-client relationship is governed by the same state-law rules of professional conduct whether the action is a bankruptcy action or a family law proceeding; there are no special rules governing the relationship in a bankruptcy proceeding.  Thus

it is not clear to the court that the action in any sense "arises in" Title 11.

Assuming for the sake of argument that the legal malpractice case does arise in Title 11, the court nonetheless finds it appropriate to abstain from hearing it. Under 28 U.S.C. § 1334(c)(1), the district court, "in the interest of justice or in the interest of comity with the State courts or respect for the State law" may "abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The following factors are considered in deciding whether to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990)(internal citation omitted).

Here, the court finds it appropriate to abstain for two primary reasons. First, even if the malpractice claim is considered to arise in the bankruptcy action, legal malpractice claims are state law causes of action, and state courts are

familiar with adjudicating such actions.  The state court proceedings will be identical to the malpractice proceedings in any other context: each side will present experts who testify to the standard of care and whether it was breached.

Additionally, the court finds it appropriate to abstain because the claim was formally abandoned to the debtor by the estate and can therefore have no effect on the estate.  Abandonment "is the formal relinquishment of the property at issue from the bankruptcy estate. Upon abandonment, the debtor's interest in the property is restored <u>nunc pro tunc</u> as of the filing of the bankruptcy petition." <u>Catalano v. C.I.R.</u>, 279 F.3d 682, 685 (9th Cir. 2002).  "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554.  Even if the claim arises in the bankruptcy case, resolving the claim can have no effect on the estate because the estate has abandoned it.  Thus there would be no gain in efficiency or fairness in having the bankruptcy court decide the issue.  In addition to the claim being abandoned, the bankruptcy case is closed and only the final distribution remains to be carried out, making it even less efficient to have the bankruptcy court hear this case.

**B. Attorneys' Fees**

In its discretion, a court may award attorneys' fees upon remand of a removed action.  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

9

reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). See also Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062 (9th Cir. 2008). Although the court agrees with Plaintiffs that the case should be remanded, the court finds that Defendants did not lack "an objectively reasonable basis for seeking removal." The court finds no other unusual circumstances that would justify awarding attorneys' fees. The court therefore declines to award attorneys' fees. Each side shall bear its own fees and costs.

### III. CONCLUSION

For the reasons stated above, the court GRANTS the Motion. The action is remanded to the state court. All pending motions are vacated. Each side shall bear its own fees and costs.

IT IS SO ORDERED.


Dated: July 9, 2013

DEAN D. PREGERSON
United States District Judge